IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17-cv-657 |
| ) | |
| v. ) | Dist. Judge Timothy S. Black |
| ) | |
| RANDALL L. LAMBERT; ) | |
| RANDALL L. LAMBERT AND STEVEN R. ) | |
| LAMBERT (as trustees of the Randall L. ) | |
| Lambert Trust); JOE ELSWICK; ) | |
| DONNA ELSWICK; JEFF FIELDS; ) | |
| ENERVEST ENERGY INSTITUTIONAL ) | |
| FUND XI-A, L.P.; ) | |
| ENERVEST ENERGY INSTITUTIONAL ) | |
| FUND XI-WI, L.P.; EV PROPERTIES, L.P.; ) | |
| CGAS PROPERTIES, L.P.; ENERVEST ) | |
| ENERGY INSTITUTIONAL FUND ) | |
| XI-B, L.P.; EV ROYALTY PARTNERS, L.P.; ) | |
| JPMORGAN CHASE BANK, N.A.; ) | |
| TAX EASE OHIO, LLC; STATE OF OHIO; ) | |
| and TREASURER OF LAWRENCE ) | |
| COUNTY; ) | |
| ) | |
| Defendants. ) | |

**STIPULATION AND ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

The Plaintiff United States and Defendants (collectively, the "Parties") jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned manner:

1. All depositions shall be conducted remotely using videoconference technology, and each deponent may be video-recorded. The Party noticing the remote deposition shall have the choice to decide whether the deposition shall be video-recorded, or not.

2. The Parties agree to use Veritext Legal Solutions for court reporting, videoconference and remote deposition services. The Parties agree that a Veritext Legal Solutions employee,

contractor, or representative may attend each remote deposition to set up the remote video deposition, video record the deposition, if video-recording is requested by the Party noticing the deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms, if used.

3. The Parties agree that these remote video depositions, whether video-recorded or not, may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these remote video on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately. Each person attending a deposition shall be visible to all other participants, each person's statements shall be audible to all participants, and each person should each strive to ensure their environment is free from noise and distractions. Should counsel and any party attend the videoconference deposition in the same physical location, each person shall be in a separate room and use a separate device.

5. No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending. After noting so on the record, counsel may confer privately with a deponent only to determine whether a privilege should be asserted. The Parties further stipulate not to engage in any conduct during the remote deposition that would otherwise be prohibited during an in-person deposition, or engage in conduct that would be subject to questioning and/or inspection were it to happen at an in-person deposition. This conduct includes, but is not necessarily limited to: (1) the deponent answering questions with the aid of notes that are present in the room with the deponent but that are not visible to the camera; (2) the deponent being coached during the deposition by a person not present in the room, via any means to include text messaging, instant messaging, e-mail, or

similar method; and, (3) the deponent having any other programs open on his screen (or any other device) during the deposition.  The Parties stipulate that the deponent will sit a few feet back from the screen as allowed by the deponent's vision and physical abilities, such that the deponent's torso and arms are fully visible while giving testimony, and that during such testimony, the deponent will have no other programs open and will not consult any notes, texts, emails, chats, or anything of the sort while the deposition is in session.  The Parties will also enter stipulations to this effect on the record at the start of the deposition.

6. Veritext Legal Solutions offers a "breakout room" feature, where participants may confer in a group, separate from other participants.  This is a supplemental service to a videoconference deposition that is not standard.  During breaks in the deposition, the Parties may use the breakout room feature provided by Veritext Legal Solutions which simulates a live breakout room through videoconference.  Conversations in the breakout rooms shall not be recorded.  The breakout rooms shall be established by Veritext Legal Solutions prior to the deposition and controlled by Veritext Legal Solutions.  The party noticing the deposition shall be responsible for procuring the breakout room feature prior to the beginning of the deposition.

7. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken.  The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record.  Veritext Legal Solutions will simultaneously videotape the deposition and preserve the video recording, if video recording is requested by the Party noticing the deposition.  The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

9. The Parties agree that the court reporter provided by Veritext Legal Solutions is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible.

10. The Party that noticed the deposition shall be responsible for procuring a written transcript of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

11. The Party that noticed the deposition shall provide Veritext Legal Solutions with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

12. At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the court reporter shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and business address; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

13. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the Veritext Legal Solutions employee responsible for video-recording the deposition, if video-recording is used, shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

14. The Parties agree to work collaboratively and in good faith with Veritext Legal Solutions to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. This includes testing the technology with the deponent prior to the deposition, in a testing session where no deposition questions are to be asked, if any Party requests such a test. The Parties also agree to work

collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

15. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (*e.g.*, a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

16. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 or, if unrepresented, directly to the third-party a reasonable time before the date of the deposition.

17. The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

    i. Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Parties' counsel, and the court reporter. In that event, noticing counsel shall so inform the deponent's counsel (or the deponent if unrepresented), the other Parties' counsel, and the court reporter prior to mailing the documents and shall provide tracking information for the package. Such documents shall be delivered by 12:00 pm noon ET the business day before the deposition. Counsel for the deponent

(or the deponent if unrepresented), the other Parties' counsel, and the court reporter shall confirm receipt of the package by electronic mail to Counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the depositions begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use examining the witness.

        ii.        Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Parties' counsel, and the court reporter. The .zip file shall be delivered by 12:00 pm noon ET the business day before the deposition. Counsel for the deponent (or the deponent if unrepresented), the other Parties' counsel, and the court reporter shall confirm receipt of the .zip file electronic mail to Counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

        iii.        Counsel may introduce exhibits electronically during the deposition, by using the Veritext Legal Solutions document-sharing technology, by using the screen-sharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

18.        All deponents receiving documents before or during a deposition, pursuant to Paragraph 17 above, shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any matter.

Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

19. Counsel for the Parties may keep any document or exhibit used during the deposition.

20. Because the ability to take a remote deposition depends on the internet connection and the technical competence of all parties, if the deposition is not able to be completed on the day it is scheduled due to any technical malfunction of computer, loss of internet connectivity, loss of electricity, or technical inability on the part of the deponent or a Party, the Parties stipulate that the deposition may be suspended until 72 hours after such technical malfunction of computer, loss of internet connectivity, or loss of electricity, the technical inability on the part of the deponent or a Party is resolved. The parties stipulate that any time incurred as a result of internet, electricity, computer malfunction, or any other technical issue where testimony is not being taken, shall not count towards the seven-hour limit under Federal Rule of Civil Procedure 30.

DATED: February 16, 2021

SO ORDERED:

*s/Timothy S. Black*
Timothy S. Black
United States District Judge

Stipulated to:

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice


_/s/ Philip L. Bednar_
PHILIP LEONARD BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6415 (v)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
WA State Bar No. 41304
Counsel for Plaintiff United States of America


RANDALL L. LAMBERT


_/s/ Randall L. Lambert (by email permission)_
RANDALL L. LAMBERT (0017987)
P.O. Box 725
Ironton, OH 45368
740-532-4333 (v)
740-532-7341 (f)
rlambert@lambert-law.org
Counsel for Defendants Randall L. Lambert and Steven R. Lambert



VANANTWERP ATTORNEYS, LLP


_/s/ Samantha J. Fields (by email permission)_
SAMANTHA J. FIELDS (0079487)
1544 Winchester Avenue, Fifth Floor
P.O. Box 1111
Ashland, KY 41105-1111
606-329-2929 (v)
606-329-0490 (f)
ssycks@vanattys.com
Counsel for Defendant Jeff Fields

SANDHU LAW GROUP, LLC


*/s/ David T. Brady (by email permission)*
DAVID T. BRADY (0073127)
1213 Prospect Avenue, Suite 300
Cleveland, OH 44115
216-373-1001 (v)
216-373-1002 (f)
dbrady@sandhu-law.com
Counsel for Defendant Tax Ease Ohio, LLC



DAVE YOST
ATTORNEY GENERAL OF OHIO


*/s/ Joseph M. McCandlish (by email permission)*
JOSEPH M. McCANDLISH (0073775)
Assistant Attorney General
Collections Enforcement Section
150 East Gay Street, 21st Floor
Columbus, OH 43215
614-466-6594 (v)
866-750-0213 (f)
Joseph.McCandlish@
ohioattorneygeneral.gov
Counsel for Defendant State of Ohio